# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| IN RE: ) | |
| ) | |
| PULSAR PUERTO RICO, INC., ) | |
| ) | Case No. 08-07557 |
| Debtor. ) | Chapter 11 |
| ) | |

## DEBTOR'S VERIFIED EMERGENCY EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER TO MAINTAIN STATUS QUO ANTE

Pursuant to section 105(a) of the Bankruptcy Code and Fed. R. Bankr. P. 7065, Pulsar Puerto Rico, Inc. ("Debtor"), by counsel, submits this Emergency Ex Parte Motion for Temporary Restraining Order to Maintain Status Quo Ante (the "Motion").[1]

Debtor needs emergency relief in order to maintain the status quo ante in its relationship with Turismo and open its casino on Saturday, December 6, 2008. Turismo is intentionally causing Debtor irreparable harm by acting in a way designed to prevent Debtor from opening its casino on December 6, 2008. The emergency was not caused by Debtor and Debtor could not have done anything to prevent it.

This evening (December 5, 2008 at approximately 5:30 p.m.), Compania de Turismo ("Turismo") advised Debtor that it would not "do the count" tomorrow morning. "Do the count" means count the Debtor's casino bank's cash. "Doing the count" results in reimbursement of needed funds to Debtor. Those funds may be used to satisfy casino bank funding levels, which satisfy applicable regulations. Satisfaction of those regulations is a condition of opening the casino; without the count, the casino cannot open. Turismo always comes to the casino Saturday

---

[1] LBR 9013-2(a) requires a memorandum with every motion except those listed in subparagraph (b). The memorandum may be combined with the motion pursuant to subparagraph (a). The Debtor hereby exercises its right to combine the memorandum with this Motion.

mornings to "do the count." Its refusal to do so now is an intentional violation of the automatic stay (see 11 U.S.C. 362(a)(3)), and its conduct will cause the Debtor irreparable harm at a time when, as Turismo is well-aware, the Debtor's financial condition is fragile. Accordingly, for purposes of this Motion[2], Debtor requests that the Court enter an order instructing Turismo to either "do the count," reimburse debtor immediately, and permit the casino to open, or alternatively, to the extent Turismo refuses to "do the count" order that Debtor may open its casino notwithstanding any otherwise applicable law or regulation.

1. On November 7, 2008 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. On December 4, 2008, the Court entered an Order (Docket No. 105) permitting Debtor to use all of its cash collateral, and specifically ordered that "no amounts owed to any creditor as of the Petition Date (including Turismo) shall be set off against amounts generated by the Debtor after the Petition Date." Despite this Order, Turismo refuses to pay to Debtor, as it customarily did prior to Debtor's bankruptcy, the sums due it for November's collections. Debtor estimates the amount due and outstanding to be $75,000. This is a separate violation of the automatic and demonstrates a concerted effort by Turismo to injure Debtor. It has the effect also of preventing Debtor from using those funds to fund the casino bank and in turn open the casino in compliance with applicable regulations.

3. Turismo regularly appears at Debtor's casino to verify appropriate levels of cash in the casino bank. Doing so enables Debtor to open its casino in compliance with the applicable regulations. Specifically, as applies here, When Turismo "does the count" the result is that funds

---

[2] Debtor reserves its other rights, and at an appropriate time, intends to seek sanctions against Turismo for its unwarranted, intention efforts to harm Debtor.

are reimbursed to Debtor. Those funds are placed into the casino bank, which causes Debtor to have sufficient funds to satisfy the appropriate funding levels required by regulation.

4. Turismo now refuses to verify the cash levels in the casino bank at Debtor's casino in order to withhold funds from Debtor. Turismo intends that Debtor will not be able to open its casino on Saturday or Sunday (and possibly longer). Saturday and Sunday are significant revenue generating days each week for Debtor. The loss of such revenue at a time when Debtor's cash situation is fragile would be catastrophic. Additionally, Debtor would suffer an irreparable loss of goodwill as the public would be sent a message that Debtor's casino is not complying with applicable laws and therefore is not trustworthy. Further, the public will not patronize a casino it cannot depend upon to be open.

**Certification of Emergency Pursuant to LBR 9013-1(f)(1)**

5. The Debtor hereby certifies that:

a. The Debtor has carefully examined the matter giving rise to this Motion and concluded that a true need exists for an emergency hearing;

b. The Debtor has not created the emergency through any lack of due diligence; and

c. The Debtor has made a bona effort to resolve the matter without a hearing.

**Certification Pursuant to Bankruptcy Rule 7065(b)(1)(B)**

Debtors' counsel certifies that it called and sent email to Turismo's counsel advising him of Debtor's intention to seek ex parte emergency relief as requested herein.

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests that the Court grant the relief requested herein and enter an order in the form submitted herewith, instructing

Turismo to verify the cash levels in Debtor's casino bank, or alternatively, if Turismo fails to verify the cash levels, allowing Debtor to open the casino notwithstanding any otherwise applicable law or regulation.

Dated: San Juan, Puerto Rico  
December 5, 2008

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN, LLP

By: /s/ Patrick J. Potter_____  
Patrick J. Potter (PR Fed. Bar # 226114)  
patrick.potter@pillsburylaw.com  
Jerry Hall (PR Fed. Bar # 226105)  
jerry.hall@pillsburylaw.com  
2300 N Street, N.W.  
Washington, D.C. 20037-1128  
Tel: (202) 663-8000  
Fax: (202) 663-8007

NELSON ROBLES-DIAZ LAW OFFICES P.S.C.

By: /s/ Nelson Robles-Diaz_____  
Nelson Robles-Diaz (PR Fed. Bar # 204410)  
nroblesdiaz@gmail.com  
251 Recinto Sur Street, Office 206  
Old San Juan, Puerto Rico 00912  
Tel: (787) 721-7929  
Fax: (787) 722-4651

Counsel for the Debtor

**VERIFICATION OF DEBTOR**

I, Wilfredo Rodriguez Flores, hereby certify under penalty of perjury that the facts set forth in this Motion are true and accurate and based upon my personal knowledge, to the best of my ability.

 /s/ Wilfredo Rodriguez Flores\_\_  
Wilfredo Rodriguez Flores  
President of Debtor