IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                   :
                                         :
PULSAR PUERTO RICO, INC.                 :     Case No. 08-07557 (GAC)
                                         :
          Debtor                         :     Chapter 11
_____:
                                         :

DECISION AND ORDER

On June 16, 2009, debtor's counsel, Pillsbury, Winthrop Shaw Pittman LLP ("PWSP") filed its first application for compensation, seeking fees of $731,861 and expenses of $60,733.29 (dkt. #268). The Court granted parties in interest twenty days to reply and ordered the U.S. Trustee to make a recommendation in light of the Court's order at the hearing of November 24, 2008, in which the Court approved the employment, but stated that no retainers nor interim compensation will be allowed unless the Court orders otherwise (dkt. #270). Eurobank filed an opposition based on the fact that the terms and conditions of the employment specifically indicated that PWSP had agreed to defer fees until a liquidity event occurs (dkt. #279). Westernbank filed a motion joining Eurobank's opposition (dkt. #287). The U.S. Trustee filed a position which includes substantive objections to the application and sides with Eurobank, also arguing that PWSP is not entitled to interim compensation, based on the terms and conditions under which the application to employ was approved.

1

PWSP filed an initial response to the objections indicating that it is not seeking payment of its fees and expenses, only their allowance (dkt. #293). PWSP indicates that it agreed to defer payment of fees and expenses, not allowance. PWSP also argues that this Court has overseen this case from the beginning and is better equipped than any other court to determine the merits of its first fee application.

Eurobank filed a reply to PWSP's initial response contending that PWSP did request payment of its fees in its application for compensation and that if it is only seeking allowance of its fees, it is asking the Court for an advisory opinion (dkt. #295). Eurobank contends that no fees should be allowed until the single asset real estate is sold. Eurobank filed a second limited reply essentially stating the same thing (dkt. #296).

PWSP filed a first supplement to it first application for fees (dkt. #300) amending the first fee application to strike all statements regarding payment of their fees and expenses, to the extent that the statements were interpreted as requests for payment prior to the occurrence of the requisite liquidity event.

The Court concludes that PWSP did seek both allowance and payment in its initial fee application. Likewise, the Court concludes that allowance of PWSP's fees at this stage of the proceedings is premature and would be advisory, since the award and payment of fees is predicated, to a great extent, on a liquidation

event. Moreover, the Court is unable to determine the benefit to the estate of incurring almost $700,000.00 in legal fees and expenses, prior to a liquidation event. Moreover, the debtor is currently seeking a second extension of the exclusivity period and until the occurrence of a liquidation event, the Court is not in a position to determine the reasonableness of the fees. Accordingly, the application, as amended, will be denied without prejudice.

ORDER

WHEREFORE IT IS ORDERED that Pillsbury, Winthrop Shaw Pittman LLP's first application for compensation (dkt. #268), as amended by the first supplement (dkt. #300) shall be, and it hereby is, DENIED WITHOUT PREJUDICE.

SO ORDERED.

San Juan, Puerto Rico, this 5th day of August, 2009.

BY THE COURT:

s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge