## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| IN RE: | **Case No. 08-07557** |
|---|---|
| **PULSAR PUERTO RICO, INC.** | **Chapter 7** |
| **Debtor** | |

## NOTICE OF INTENT TO SELL PROPERTY AT PRIVATE SALE AND OF SETTLEMENT WITH SECURED CREDITOR BANCO POPULAR DE PUERTO RICO

**TO THE HONORABLE COURT**:

Wilfredo Segarra Miranda, Chapter 7 Trustee in the present case, represents that he will sell at private sale the following real property of debtor's estate as describe below:

## DESCRIPTION OF PROPERTY

The real property to be sold by Trustee is as follows (a. through c. below):

a. The real estate, building, and all apartments on floors 2 through 18 of the property governed by a Horizontal Property Regime known as DIENER TOWER CONDOMINIUM located at the corner of Ashford Avenue and Condado Avenue of Santurce, Puerto Rico. Each apartment contains various rooms, dimensions and fixtures/improvements. The specific apartment numbers are Units xx01 through xx03 on each of the floors from 2 through 18 (e.g., units 201-203 on the second floor; units 301-303 on third floor, units 401-403, etc. through floor 18). The lot (finca) numbers for these units are 19157-19207, with various folios and volume numbers which may be obtained from Trustee.

b. Apartment B-1, comprised of a subterraneous building located under the condominium on the corner of Ashford Avenue and Condado Avenue of Santurce, Puerto Rico, used for multiple purposes, including as a parking lot and office space, and recorded as follows: lot (finca) number 19155 recorded in folio 84, volume 693 of the Property Registry of Santurce North, First Section of San Juan.

c.    Property located in the place known as El Condado, Northern Sector of the Santurce neighborhood of San Juan, Puerto Rico containing a building of reinforced concrete dedicated to use as a hotel, composed of 12 floors, 84 rooms, an apartment on the 12th floor, commercial areas, a main lobby/foyer, resting areas for guests and employees, bar, restaurant, kitchen, pool and other attached facilities and recorded as follows:  lot (finca) number 889 recorded in folio 136, volume 608 of the Property Registry of Santurce North, First Section of San Juan.

[Hereinafter collectively referred to as "**the Property**"]

The trustee represents that he has received an offer in connection with the sale of the Property, and has been presented a firm offer for the purchase of the Property by Empresas Ferrer, Inc. [Hereinafter "**the Buyer**"]. The sum offered is *$7,800,000.00.*  The Property will be sold "AS IS, WHERE IS", under the terms and conditions described in the Sale and Purchase Agreement.  The closing will, be held within a period of two (2) working days from the date the auction is closed, unless such closing date is extended according to the terms of the Sale and Purchase Agreement. The offer constitutes a reasonable sum considering the fair market value of the property. Buyer has deposited the amount of *$250,000.00* in the bank account in possession of trustee as a good faith deposit for the acquisition of the Property, to be credited to the selling price. Copy of the Sale and Purchase Agreement is attached hereto as **Exhibit 1.**

Trustee shall complete the sale of the Property pursuant to section 363 of the Bankruptcy Code and funds product of the sale shall be distributed in accordance with section 726 of the Code after payment of administrative expenses (11 U.S.C. §503), and payment of any secured claim(s) by holder of a lien senior to Banco Popular de Puerto Rico.  Any tax liens over said real property shall be

paid pursuant to 11 U.S.C. §724(b). *See:* **Exhibit 2** [Statement of Account from CRIM].

Distribution of funds product of the proposed private sale shall be made at the closing of such sales, pursuant to sections 724 and 726 of the Bankruptcy Code, 11 U.S.C. §§ 724, 726, as follows:

| | | |
|---|---|---|
| Sale Funds | | $7,800,000.00 |
| Administrative Fees: | | |
| Trustee Compensation | $177,250.00 | |
| Realtor Fees | $142,500.00 | |
| Notary Fees | $39,000.00 | |
| Expenses | $11,964.00 | |
| Total Administrative Fees: | | $(570,714.00) |
| Sub Total | | $7,229,286.00 |
| Exemption and Secured Creditors: | | |
| Secured Lien(s) BPPR | $6,760,000.00 | |
| PMJ Capital Corp. (1st Mortgage) | $517,500.00 | |
| CRIM | $10,052.00 | |
| Treasury Department (Law7) | $----------- | |
| Capital Gain | $----------- | |
| Subtotal: | | $(7,027,552.00) |
| Balance for Unsecured Creditors: | | $141,734.00 |

## TERMS AND CONDITIONS

1.   Sale of the estate's interest in this property shall be free and clear of liens; such liens, if any, shall attach to proceeds.  See 11 U.S.C. § 363(f).

2.   In the event that a better firm offer is received ["the Competing Offer"] within the prescribed period of twenty-one (21) days from the date of this notice, an auction will be conducted on March 10, 2011, at 10:00 a.m. The auction to be held at the offices of the Trustee, located at 201 Tetuán St., Suite 700, Old San Juan, Puerto Rico, to allow for public bidding of this real property.

3. To qualify as a Competing Offer, such offer shall meet all of the following requirements:

    a. The Competing Offer must be presented in writing.

    b. The minimum amount to be considered as a better offer shall be **$8,200,000.00**.

    c. The Competing Offer must expressly state that it will remain open and irrevocable, and further, will be subject to the Trustee's right to accept the same if it is the highest and the best offer at the auction and approved by the Court as such.

    d. Shall include a $500,000.00 cash deposit in the form of an official bank check that shall be received the Trustee by the before mentioned deadline; and

    e. Contain evidence sufficient for the Trustee to ascertain the bidder's financial ability to close the sale pursuant to the terms of the Competing Bid.

4. At the conclusion of the 21 day period Trustee, in consultation with Banco Popular de Puerto Rico ("BPPR") will analyze each Competing Offer received. If one or more Competing Offers meet the requirements provided in paragraph 3, *ante*, Trustee will distribute to all qualified bidders in advance of the auction a list of the bids and their proposed purchase prices. If no Competing Offer that satisfies all of the above requirements is received, Trustee will proceed directly to the sale to Empresas Ferrer, Inc.

5. If there are Competing Offers, at public auction, the sale will be adjudicated to the bidder with the highest and/or best offer, except when the trustee, in consultation with BPPR, rejects any bid that does not comply with this notice or does not represent a fair price for the property to be sold. At the auction qualified bidders will have the opportunity to bid on the Property in no lower than $75,000.00 increments, starting with the minimum amount of $8,200,000.00. Closing to the highest bidder shall be on or before two (2) working days after closing of the auction process.

6. This sale will be made "AS IS" and "WHERE IS" without a warranty of any kind. All risk of loss shall pass to the buyer upon adjudication of the sale and execution of the sales deed by the trustee. By the execution of the deed of sale of the Property, the prevailing buyer(s) will be waiving, releasing and holding the trustee and any private auctioneer harmless against any and all claims, damages or causes of action in any way related to this transaction.

7. Payment of the balance of the purchase price shall be made at closing.

8. Buyer shall take possession of the Property immediately upon full payment of the purchase price and upon execution of the sales deeds. Any pre-

servation expenses accrued on the Property upon final adjudication and closing of the sales deeds will be at buyer's sole cost and expense.

9.      Failure to pay the full price on the property as and when provided herein shall entitle the trustee to void the sale, and retain the deposit as well as any other moneys given to Trustee as liquidated damages to the benefit of the estate.

10.      A secured creditor with a lien senior to Banco Popular de Puerto Rico, $450,000.00 in principal and $67,500.00 of interest until March 31,2011 has been identified that may encumber the real property subject to this sale [Hereinafter "the Secured Creditor"].  Any purported creditor with a valid and enforceable lien over the assets of this estate (other than BPPR) shall inform the trustee or object to this sale within the next TEN (10) DAYS from the Date of this Notice, in order to have its claim considered within the sale of these assets.

## SETTLEMENT WITH SECURED CREDITOR

i.      BPPR has valid mortgages over the Property to secure payment of its claims against the Debtor (Hereinafter the "Mortgage Note").

2.    Trustee has received the above mentioned offer to sell the Property.

3.    BPPR is willing to reduce the amount of its secured claim solely as against this bankruptcy estate in order to allow the sale of the Property to be completed by Trustee for the benefit of the estate.

4.    This settlement will allow payment of the BPPR's secured claims solely as against this bankruptcy estate for the reduced negotiated amount.

5.    In consideration of the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, BPPR consents to the sale of the Property for the minimum agreed price of $7,800,000.00

6.    Upon completion of the sale, Trustee shall pay BPPR the reduced amount of $6,760,000.00 in full and total satisfaction of BPPR's lien over the Property and any and all claims solely against the estate. In the event that there are any higher and better offers at the Auction or that the Property is ultimately sold for an amount higher than $7.8 Million, then 86% of any such additional monies (e.g. the amounts paid in excess of the original $7.8 Million offer) shall also be paid to BPPR up to the full amount of its claim.

7.    Nothing contained in herein or any order of the Court (including the order approving this sale) shall affect, modify, limit, waive or impair any of BPPR's

rights or claims against any other guarantor or debtor as to any and all amounts due to BPPR. In other words, BPPR all rights of BPPR against Wilfredo Rodriguez, Rodriguez International Investment, its affiliates, principals, and any other co-borrowers and guarantors are expressly reserved and preserved for the full amount of BPPR's claims.

8. Secured Creditor agrees that, upon completion of the sale, the Court shall enter an Order directing the Registrar of the Property to cancel all liens encumbering the Property, including but not limited to the Mortgage Note.

9. Notwithstanding the foregoing, Secured Creditor recognizes that nothing provided herein constitutes a guaranty or a representation by Trustee that Secured Creditor will indeed receive the reduced payment amount agreed to herein in the event that Trustee is unable to complete the sale of the Property.

### NOTICE TO ALL PARTIES IN INTEREST

**Notice is hereby given that, unless a party in interest files a written objection, with a copy thereof served to the trustee, within *twenty-one days (21 )* from the date of this notice, the trustee will conduct the sale contemplated herein and will adjudicate the sale upon the terms herein set forth. Should a timely objection be filed, a hearing of such objection will be scheduled by the court.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this same date he has electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties in interest.

**I HEREBY FURTHER CERTIFY THAT:**

(1) An exact copy of this notice, has been notified via mail to debtors, to their address of record; attorney for debtor, and to **U.S. Trustee**, Suite 301, Ochoa Building, 500 Tanca St., San Juan, PR 00901-1922. Pursuant to Rule 4001 (a)(1) of the Rules of Bankruptcy Procedure the instant motion is also hereby served on all creditors included in master address list filed pursuant to FRBP 1007(d); and

(2) A copy of this Notice will be posted on the bulletin board at the Bankruptcy Court after the original with all Exhibits is filed with the Clerk's Office.

In San Juan, Puerto Rico, this _9_ day of February, 2011.

*/s/Wilfredo Segarra Miranda*
**WILFREDO SEGARRA MIRANDA**
**CHAPTER 7 TRUSTEE**
PO Box 9023385
San Juan, PR 00902-3385
Tel. (787)725-6160
Fax (787) 977-2288

## PURCHASE AND SALE AGREEMENT

**FIRST PARTY:** Wilfredo Segarra Miranda, in his capacity of Bankruptcy Trustee, hereinafter referred to as the **SELLER**.

**SECOND PARTY:** Empresas Ferrer, Inc., herein represented by its President, Eduardo Ferrer Bolivar, hereinafter referred to as the **PURCHASER**.

### *PURCHASE/SALE*

The **SELLER** is the Bankruptcy Trustee in the case of *In Re: Pulsar Puerto Rico, Inc.*, a/k/a Diamond Palace Hotel & Casino, Case No. 08-07557 [Hereinafter "the Debtor"]. The Debtor is the registered legal owner of the property where the Diamond Palace Hotel & Casino is located, at Condado Avenue, San Juan, Puerto Rico. [Hereinafter "the Property"]. The real estate descriptions for the Property are attached hereto as Exhibit 1.

The appearing parties have agreed to this purchase and sale of the property herein described which agreement they carry forth pursuant to the following clauses and conditions ["the Agreement"];

### *TERMS AND CONDITIONS*



**PURCHASE PRICE:** The **SELLER** agrees to sell and **PURCHASER** agrees to acquire the Property for the total purchase price of $7,800,000.00.

**DEPOSIT:** The **PURCHASER** has delivered to the **SELLER** the amount of $250,000.00, as a guarantee and/or deposit of this purchase of the Property, which will be credited to the agreed purchase price.

It is agreed and understood that before closing SELLER may request authorization from the Bankruptcy Court for the use of the deposit and **PURCHASER** hereby provides its consent in advance for such use of the deposit money by Trustee in order to maintain the Property, including, but not limited to the payment of indispensable services to the same, including cleaning, and the supply of electricity and water.

**DUE DILIGENCE TERM** : PURCHASER shall have the right to complete its due diligence within thirty (30) days, from the date Trustee files the Notice of Intent to Sell Property at Private Sale with the Bankruptcy Court or any amended notice if so required by the Bankruptcy Court, subject to the clauses and conditions herein set forth. Nevertheless, if PURCHASER is the successful bidder in the auction to be scheduled by SELLER and/or if PURCHASER has been unable to complete the due diligence, PURCHASER may request up to two thirty (30) days extensions in order to complete such diligence.

Subject to the execution of a mutually agreeable access agreement, **PURCHASER** shall have access to the Property for purposes of inspecting the same. **PURCHASER** shall have the right to conduct, at its sole cost and expense, any and all surveys, inspections and environmental reports. No test shall result in any damage to the Property. Entry to the Property shall be coordinated with **SELLER** and all inspections and tests shall be performed in the presence of a duly appointed representative of the **SELLER**.

**TITLE TO REPORTS AND SURVEYS:** If **PURCHASER** fails for any reason to close the purchase of the Property, title to all reports, surveys and inspections [the "Reports"] prepared by or on behalf of **PURCHASER** shall be automatically transferred

to **SELLER** and **PURCHASER** shall immediately forward the originals of all such reports to **SELLER**.

Notwithstanding the above, if PURCHASER is unable to close the purchase of the Property because the Property is sold to a higher bidder in any auction, then PURCHASER shall be entitled to recover up to $200,000.00 in expenses directly spent in the preparation of the Reports upon presentation of adequate evidence of the contracts, work orders and invoices.

**LACK OF WARRANTIES**: The sale of the Property is "As is, Where is" without any warranties or representations of any kind, except as to the legal capacity to transfer title and that **SELLER** will convey marketable title free and clear of liens and encumbrances. **PURCHASER** recognizes that liens may be cancelled after the execution of the deed of sale.

**CONDITIONS PRECEDENT**: The **PURCHASER** is aware that **SELLER** must comply with all legal requirements and/or procedures of the Bankruptcy Code and of the Bankruptcy Court for the completion of the purchase/sale of the property. This includes the holding of a public sale and/or auction in order for **SELLER** to receive other offers from third parties for the acquisition of the Property and **SELLER** retains the right to accept any other offer that exceeds the herein agreed Purchase Price and meets the requirements that will be included in the notice of sale.

This purchase shall be also subject to, if necessary, the approval by the Bankruptcy Court.

**DEFAULT:** If for any reason not attributable to the **PURCHASER** the purchase/sale of the property is not been completed within the term of this Agreement,

**or if an "Adverse Environmental Condition"** is discovered and certified in writing by a reputable environmental firm/expert, the **SELLER** is obliged to return to the **PURCHASER** the money tendered as a deposit for this purchase/sale option.

An "**Adverse Environmental Condition**" shall mean the presence of "Hazardous Materials" which removal or remediation is required by applicable law to be immediately performed (and not to be required as a result of remodeling or destruction) and the cost of which removal or remediation exceeds the amount of $780,000.00.

As used herein, "Hazardous Material" shall mean any material, substance, or constituent, which is now considered a contaminant or pollutant, under any applicable federal, Commonwealth of Puerto Rico, or local law.

In the event that **PURCHASER** fails to close the sale of the Property pursuant to the terms and provisions of this agreement, **SELLER** shall be entitled to retain the Deposit as liquidated damages.

CLOSING: The **PURCHASER**, or any affiliate, subsidiary or other entity to be designated by PURCHASER, agrees to appear at the execution of the deed of purchase/sale of the **PROPERTY** at such time and place as the **SELLER** may determine. Closing shall take place within twenty (20) days from the date of the expiration of the Due Diligence term.

At closing **PURCHASER** shall pay the balance of the Purchase Price by bank cashier's check which shall be issued by and drawn on a local institution.

The **SELLER** agrees to satisfy all of the notary's expenses and the cost of the treasury stamps which are needed for the execution of the original deed of purchase/sale. The **PURCHASER** agrees to satisfy the cost of the certified copy of the

deed of purchase/sale, as well as the recordation rights of the ownership title at the Property Registry.

Any amount, such as taxes, escrow, or insurance on the property, which may have accumulated up until the date of the purchase/sale, shall be the responsibility of the **SELLER**. Similarly, such amounts accumulated from the date of the purchase/sale shall be the responsibility of the **PURCHASER**.

**NOTICES**: Any notice required or permitted to be given hereunder shall be deemed delivered two (2) days after being sent via any recognized overnight delivery service or certified mail to the applicable party at the following address:

|  |  |
|---|---|
| **SELLER**: | Wilfredo Segarra Miranda<br>PO Box 9023385<br>San Juan, Puerto Rico 00902-3385 |
| **PURCHASER**: | Eduardo Ferrer-Ramírez, Esq.<br>Empresas Ferrer, Inc.<br>P.O. Box 9020485<br>San Juan, Puerto Rico 00902-0485 |

**MISCELLANEOUS**:

(1)     This Agreement shall not become effective and binding until fully executed by both parties.

(2)     This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Puerto Rico and those applicable provisions of the Bankruptcy Code, 11 U.S.C.

(3)     Time is of the essence of this Agreement.

(4)     The headings inserted a the beginning of each paragraph are for convenience of reference only and shall not limit or otherwise affect or be used in the construction of any terms or provisions hereof.

(5)     This Agreement contains all of the terms, promises, covenants, conditions and representations made or entered into by and between **SELLER** and **PURCHASER** and supersedes all prior discussions and agreements whether written or oral between the parties with respect to this option and all other matters contained herein and constitutes the sole and entire agreement between the parties with respect thereto.

(6)     This Agreement may not be modified or amended unless such amendment is set forth in writing and executed by both parties with the formalities hereof.

This is the Agreement between the parties, which they accept, by signing this document.

In San Juan, Puerto Rico, on February 9, 2011.

_____          _____
PURCHASER                                                    SELLER



ESTADO LIBRE ASOCIADO DE PUERTO RICO
CENTRO DE RECAUDACION DE INGRESOS MUNICIPALES

**ESTADO DE CUENTA /STATEMENT OF ACCOUNT**

Fecha de Intereses/Descuento
Int/Disc Date:13/10/2010

Certificate # 3318681

| Número de Catastro (Pin Number) | Número de Prestamo (Loan Number) | HIP MTG ID | Municipio (Municipality) 79 |
|---|---|---|---|
| 040-039-013-01-000 | 007350020456 | 027 | |

| Tipo Notif/ Bill Type | | Fecha Notif/ Bill Date | Principal Unpaid Tax | Descuento Discount | Penalidad Penalty | Intereses Interest | Recargos Surcharge | Cantidad Adeudada Amount Due |
|---|---|---|---|---|---|---|---|---|
| 2011-I | @ | 01/01/2011 | 4,216.60 | -421.66 | 0.00 | 0.00 | 0.00 | 3,794.94 |
| **Grand Total** | | | 4,216.60 | -421.66 | 0.00 | 0.00 | 0.00 | 3,794.94 |

**\*\* Account in Bankruptcy \*\***

| Total Adeudado Al CRIM | 3,794.94 |
|---|---|

**Esta certificación no sera oficial sin el importe de $2.50 en estampillas emitidas por el CRIM. Es valida para gestiones de cobro.**

**Esta Certification no incluye deudas por mejoras que estuvieran sin tasar.**

**Si mediante Investigación realizada posteriormente se comprueba que esta propiedad no reune los requisitos para disfrutar de la Exención y/o Exoneración, se pondran al cobro las Notificaciones Retroactivas para los años correspondientes.**

**La deuda marcada con @ no esta vencida.**

**Direccion Postal / Postal Address**

**PULSAR PUERTO RICO INC**

PO BOX 13637
SAN JUAN PR 00908-363737

**Localización de la Propiedad / (Property Location)**

. AVE CONDADO
. ESQ AVE ASHFORD
SAN JUAN



ESTADO LIBRE ASOCIADO DE PUERTO RICO
CENTRO DE RECAUDACION DE INGRESOS MUNICIPALES

**ESTADO DE CUENTA /STATEMENT OF ACCOUNT**

Fecha Impresion: 13/10/2010
Hora Impresion: 3:50:50PM

Fecha de Intereses/Descuento
Int/Disc Date: 13/10/2010

Certificate # 3318703

| Número de Catastro (Pin Number) | Número de Prestamo (Loan Number) | HIP MTG ID | Municipio (Municipality) 79 |
|---|---|---|---|
| 040-039-013-14-901 | 007350020456 | 027 | |

| Tipo Notif/ Bill Type | Fecha Notif/ Bill Date | Principal Unpaid Tax | Descuento Discount | Penalidad Penalty | Intereses Interest | Recargos Surcharge | Cantidad Adeudada Amount Due |
|---|---|---|---|---|---|---|---|
| 2011-I @ | 01/01/2011 | 6,952.40 | -695.24 | 0.00 | 0.00 | 0.00 | 6,257.16 |
| **Grand Total** | | 6,952.40 | -695.24 | 0.00 | 0.00 | 0.00 | 6,257.16 |

** Account in Bankruptcy **

| Total Adeudado Al CRIM | 6,257.16 |
|---|---|

**Esta certificación no sera oficial sin el importe de $2.50 en estampillas emitidas por el CRIM. Es valida para gestiones de cobro.**

**Esta Certification no incluye deudas por mejoras que estuvieran sin tasar.**

**Si mediante Investigación realizada posteriormente se comprueba que esta propiedad no reune los requisitos para disfrutar de la Exención y/o Exoneración, se pondran al cobro las Notificaciones Retroactivas para los años correspondientes.**

**La deuda marcada con @ no esta vencida.**

**Direccion Postal / Postal Address**
PULSAR PUERTO RICO INC

PO BOX 13637
SAN JUAN PR 00908-363737

**Localización de la Propiedad / (Property Location)**

. AVE CONDADO
. SANTURCE
SAN JUAN

MODELO
SC 3426
17 AGO 10

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE HACIENDA
AREA DE RENTAS INTERNAS

FECHA: 22-10-2010
HORA : 15:38
MAC6306

CERTIFICACION

CONTRIBUCION ESPECIAL SOBRE LA PROPIEDAD INMUEBLE

CATASTRO: 040-039-013-14-901

PROPIETARIO: PULSAR PUERTO RICO INC 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

LOCALIZACION: SANTURCE
: AVE CONDADO SAN JUAN

DATOS SOBRE LA PROPIEDAD

| | | | | | |
|---|---|---|---|---|---|
| TIERRA | : | 296,600 | VALOR TRIBUTABLE | : | 0 |
| ESTRUCTURA | : | 7,640,100 | EXONERACION | : | 0 |
| MAQUINARIA | : | 664,300 | VALOR NETO TRIBUTABLE | : | 1,346,060 |
| VALOR TOTAL | : | 8,601,000 | CONTRIBUCION ANUAL | : | 7,955.20 |
| EXENCION | : | 7,254,940 | | | |

**** COMPUTOS HASTA: 22-10-2010 ****

| SEMESTRE | VENCIMIENTO | PRINCIPAL | DESCUENTO | INTERESES | RECARGOS | BALANCE |
|---|---|---|---|---|---|---|
| 2011-01 | 01-09-2010 | 3,977.60 | 357.98 | 0.00 | 0.00 | |
| 2010-02 | 01-03-2010 | 3,977.60 | 0.00 | 0.00 | 0.00 | |
| 2010-01 | 01-09-2009 | 3,977.60 | 0.00 | 0.00 | 0.00 | |
| | GRAN TOTAL | 11,932.80 | 357.98 | 0.00 | 0.00 | 0.00 |

ESTA CERTIFICACION NO INCLUYE DEUDAS PENDIENTES POR TASAR O EN PROCESO DE
INVESTIGACION POR EL NEGOCIADO IMPOSITIVO A LA FECHA DE ESTA CERTIFICACION.

A D V E R T E N C I A :

FAVOR DE REVISAR ESTE DOCUMENTO EN DETALLE. SI USTED NO ESTA DE
ACUERDO CON ALGUNA DE LA INFORMACION AQUI PROVISTA DEBERA PRESENTAR
SU RECLAMACION JUNTO CON LOS DOCUMENTOS QUE EVIDENCIAN LA MISMA A
LAS DIRECCIONES QUE SE INDICAN EN LA HOJA ADJUNTA.

ESTA CERTIFICACION NO ES VALIDA SIN LA FIRMA AUTORIZADA Y EL SELLO
OFICIAL EN ORIGINAL DEL DEPARTAMENTO DE HACIENDA

------------------------------------
SECRETARIO AUXILIAR DE RENTAS INTERNAS        FECHA        SELLO OFICIAL
O SU REPRESENTANTE AUTORIZADO

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE HACIENDA
AREA DE RENTAS INTERNAS

FECHA: 22-10-2010
HORA : 15:38
MAC6306

CERTIFICACION

CONTRIBUCION ESPECIAL SOBRE LA PROPIEDAD INMUEBLE

CATASTRO: 040-039-013-01-000

PROPIETARIO: PULSAR PUERTO RICO INC 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

LOCALIZACION: ESQ AVE ASHFORD
: AVE CONDADO SAN JUAN

DATOS SOBRE LA PROPIEDAD

| | | | | | |
|---|---|---|---|---|---|
| TIERRA | : | 956,030 | VALOR TRIBUTABLE | : | 0 |
| ESTRUCTURA | : | 6,631,140 | EXONERACION | : | 0 |
| MAQUINARIA | : | 576,590 | VALOR NETO TRIBUTABLE | : | 816,380 |
| VALOR TOTAL | : | 8,163,760 | CONTRIBUCION ANUAL | : | 4,824.80 |
| EXENCION | : | 7,347,380 | | | |

**** COMPUTOS HASTA: 22-10-2010 ****

| SEMESTRE | VENCIMIENTO | PRINCIPAL | DESCUENTO | INTERESES | RECARGOS | BALANCE |
|---|---|---|---|---|---|---|
| 2011-01 | 01-09-2010 | 2,412.40 | 217.11 | 0.00 | 0.00 | |
| 2010-02 | 01-03-2010 | 2,412.40 | 0.00 | 0.00 | 0.00 | |
| 2010-01 | 01-09-2009 | 2,412.40 | 0.00 | 0.00 | 0.00 | |
| | GRAN TOTAL | 7,237.20 | 217.11 | 0.00 | 0.00 | 0.00 |

ESTA CERTIFICACION NO INCLUYE DEUDAS PENDIENTES POR TASAR O EN PROCESO DE
INVESTIGACION POR EL NEGOCIADO IMPOSITIVO A LA FECHA DE ESTA CERTIFICACION.

A D V E R T E N C I A :

FAVOR DE REVISAR ESTE DOCUMENTO EN DETALLE. SI USTED NO ESTA DE
ACUERDO CON ALGUNA DE LA INFORMACION AQUI PROVISTA DEBERA PRESENTAR
SU RECLAMACION JUNTO CON LOS DOCUMENTOS QUE EVIDENCIAN LA MISMA A
LAS DIRECCIONES QUE SE INDICAN EN LA HOJA ADJUNTA.

ESTA CERTIFICACION NO ES VALIDA SIN LA FIRMA AUTORIZADA Y EL SELLO
OFICIAL EN ORIGINAL DEL DEPARTAMENTO DE HACIENDA.

--------------------------------------          22/10/10
SECRETARIO AUXILIAR DE RENTAS INTERNAS          FECHA          SELLO OFICIAL
O SU REPRESENTANTE AUTORIZADO